
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Vicki Eason,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Pinnacle Asset Group, L.L.C.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 3:13-cv-00568<br><br>COMPLAINT<br><br>April 19, 2013 |

For this Complaint, Plaintiff, Vicki Eason, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4. Plaintiff, Vicki Eason ("Plaintiff"), is an adult individual residing in Hartford, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Pinnacle Asset Group, L.L.C. ("Pinnacle"), is a New York

business entity with an address of 3221 Southwestern Blvd, Suite 305, Orchard Park, New York 14127, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Pinnacle and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Pinnacle at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. <u>The Debt</u>

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to HSBC (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Pinnacle for collection, or Pinnacle was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

B. <u>Pinnacle Engages in Harassment and Abusive Tactics</u>

12. On or about April 8, 2013, Defendant's representative, Jack Malone, left a voice message on Plaintiff's mother's answering machine stating that he needed to speak with Plaintiff regarding a "legal issue" in the Hartford County

court system.

13. In the message, Mr. Malone identified himself as a detective and stated that he was "retained" to handle litigation for Pinnacle.

14. Plaintiff's son heard the message and was terrified that Plaintiff was going to jail.

15. Thereafter, Plaintiff contacted the Hartford County courthouse and inquired whether a lawsuit had been filed against her.

16. The Clerk assured Plaintiff that no such action had been filed against her.

17. The following day, during a telephone communication with Plaintiff, Mr. Malone told Plaintiff that she was "up for pre-trial" and that Plaintiff could go to jail if the Debt was not paid.

18. Further, on or about April 11, 2013, Mr. Malone left a message on Plaintiff's cellular phone stating that he was calling from a "legal processing firm." At no time during this message did Mr. Malone state that the communication was from a debt collector attempting to collect a debt.

19. Mr. Malone urged Plaintiff to return his call and settle the matter in order to avoid "legal process".

20. Defendants also failed to inform Plaintiff of her rights under state and federal laws by written correspondence within 5 days after the initial communication with Plaintiff, including Plaintiff's right to dispute the Debt.

C. <u>Plaintiff Suffered Actual Damages</u>

21. Plaintiff has suffered and continues to suffer actual damages as a

result of Defendants' unlawful conduct.

22. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau in an attempt to collect the Debt.

25. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

26. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive, and/or misleading representations or means in connection with collection of the Debt.

27. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

28. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with imprisonment if the Debt was not paid.

29. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

30. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that

Defendants employed false and deceptive means to collect the Debt.

31.     Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform Plaintiff that a communication was from a debt collector and was an attempt to collect a debt.

32.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

33.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

34.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     Plaintiff is entitled to damages as a result of Defendants' violations.

<u>COUNT II</u>
<u>VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,</u>
<u>Conn. Gen. Stat. § 42-110a, et seq.</u>

36.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

38.     Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

39.     Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1):

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A):

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3):

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: April 19, 2013**

Respectfully submitted,

By: __/s/ *Sergei Lemberg*__

Sergei Lemberg, Esq.
**LEMBERG & ASSOCIATES L.L.C.**
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Attorney for Plaintiff